JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTES, et al., | Case No. CV 14-7941 FMO (ASx) |
| Plaintiffs, | |
| v. | **ORDER REMANDING ACTION** |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On September 8, 2014, plaintiff Paul Montes ("Montes") and several other plaintiffs (collectively, "plaintiffs"), filed a complaint in Los Angeles County Superior Court ("state court") against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Home Mortgage, LLC, First American Corporation, Cal-Western Reconveyance Corporation, and Does 1 through 100 (collectively, "defendants"). (See Wells Fargo Notice of Removal ("NOR"), Exhibit ("Exh.") A ("Complaint") at Caption Page). In the body of the Complaint, some of the defendants are alternatively identified as First American Title Company, (see, e.g., id. at ¶ 7), and California Reconveyance Company. (See, e.g., id. at ¶ 8). The Complaint asserts claims for (1) violation of the Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, & 2924.17; (2) unlawful, unfair, fraudulent business practices, Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788; (4) negligence; (5) negligent misrepresentation; (6) fraudulent misrepresentation;

1  (7) breach of the implied covenant of good faith and fair dealing; and (8) declaratory relief.  (See
2  id. at ¶¶ 13-83).  Plaintiffs seek "not less than $50,000,000" as "compensatory, special and general
3  damages[,]" (id. at Prayer for Relief), along with civil penalties, restitution and attorney's fees.
4  (See id.).

5        On October 14, 2014, Wells Fargo removed the action to this court on the basis of diversity
6  jurisdiction pursuant to 28 U.S.C. § 1332.  (See NOR at ¶ 3).

7        Having reviewed the Complaint and the NOR, the court hereby remands this action to state
8  court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c);[1] Kelton Arms Condominium
9  Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter
10 jurisdiction may not be waived, and, indeed, we have held that the district court must remand if
11 it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule
12 of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter
13 jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.");
14 Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court
15 may remand an action where the court finds that it lacks subject matter jurisdiction either by
16 motion or sua sponte).

17       A removing defendant bears the burden of establishing that removal is proper.  See Gaus
18 v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal
19 jurisdiction means that the defendant always has the burden of establishing that removal is
20 proper.") (internal quotation marks and citations omitted).  Moreover, if there is any doubt
21 regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor
22 of remanding the action to state court.  See id. ("Federal jurisdiction must be rejected if there is
23 any doubt as to the right of removal in the first instance.").

24       Here, even assuming Wells Fargo has established that the California-based defendants
25 have been fraudulently joined, (see NOR at ¶¶ 6-29), and that all of the plaintiffs except the first

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2

named plaintiff have been improperly joined, (see id. at ¶¶ 12 & 30-35) ("Because the Plaintiffs' counsel has brought this supposed mass action without any common transaction or occurrences, or series of transactions or occurrences, this Court may and should decline to consider transactions of any Plaintiff other than the first named Plaintiff, Paul Montes, in determining diversity jurisdiction for the purposes of this removal."), the case is subject to remand because Wells Fargo has failed to meet its burden of establishing that the amount in controversy meets the $75,000 jurisdictional threshold.

Wells Fargo devotes only a single paragraph to the amount in controversy requirement, (see NOR at ¶ 41), and contends that the jurisdictional threshold is met here because "Plaintiffs request compensatory, special, and general damages in an amount no less than $50,000,000, as well as statutory damages" under the HBOR and California Civil Code § 1788. (Id.). Wells Fargo's contention relating to the amount in controversy is somewhat disingenuous. Having shown that there was a misjoinder of plaintiffs, Wells Fargo, nonetheless, seeks to have the court consider the amount claimed by the improperly joined plaintiffs to satisfy the jurisdictional amount. (See id.). Wells Fargo asks that the court consider the $50 million dollars sought on behalf of all the named plaintiffs, (see id.), while at the same time it asks the court to "decline to consider transactions of any Plaintiff other than the first named Plaintiff, Paul Montes, in determining diversity jurisdiction for the purposes of this removal." (Id. at ¶ 35). Because Wells Fargo has not provided any authority to support its implicit contention that the court may consider the amount sought by plaintiffs who were improperly joined in determining the jurisdictional threshold, (see, generally, NOR at ¶ 41), the court will, in this instance, take Wells Fargo's invitation and "decline to consider transactions of any Plaintiff other than the first named Plaintiff, Paul Montes, in determining diversity jurisdiction for the purposes of this removal." (Id. at ¶ 35).

Under the circumstances, it appears to a "legal certainty" that Montes cannot actually recover $50,000,000 and Wells Fargo has made no attempt to show that his individual claims meet the $75,000 jurisdictional amount. (See, generally, NOR at ¶ 41). As such, the case must be remanded for lack of subject matter jurisdiction. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) ("[W]hen a complaint filed in state court alleges on its face an

amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."), Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. All pending motions **(Document Nos. 12 & 17)** are **denied** as moot.

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 8th day of December, 2014.

                                                  /s/
                                   Fernando M. Olguin
                                United States District Judge